UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUAN JOSEPH FLAGG,

    Plaintiff,

    v.

TERRY REDDEN, et al.,

    Defendants.

CAUSE NO.: 3:17-CV-977-JD-MGG

OPINION AND ORDER

Juan Joseph Flagg, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against three officers at the Indiana State Prison. Pursuant to 28 U.S.C. § 1915A, the court must review a complaint filed by a prisoner and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Flagg alleges that he had a heated disagreement with Sgt. Terry Redden about a disciplinary action taken against him, resulting in Redden and Flagg insulting one another. Following that disagreement, Flagg, who suffers from asthma, needed a breathing treatment. In response to his request, Sgt. Redden placed Flagg in handcuffs and shackles and they began walking to the medical department. On the way, as they

approached an elevator, Sgt. Redden kicked Flagg in the back causing him to hit his face on the wall of the elevator, and he then proceeded to beat Flagg and place him in a choke hold. At one point, he told Flagg he would kill him. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Flagg states a claim that Sgt. Redden used excessive force against him.

Officer Anita Blair was present during at least part of this altercation. Flagg notes that she yelled, "Stop! Redden! Stop! Stop! Help! Help! Redden enough!" (ECF 1 at 6.) She yelled for Officer Pete to help and was able to get his attention. She then placed a call on the radio for emergency assistance. Flagg believes Officer Blair should have done more to help him during the altercation. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Officer Blair, however, did not simply watch and allow the attack to happen. She intervened reasonably by yelling for Redden to stop and yelling for help. She sought and received assistance from Officer Pete. And, she placed a call on the radio for

2

emergency assistance. Therefore, this allegation does not state a claim for failure to intervene.

When Officer Pete entered the area, Sgt. Redden still had Flagg in a choke hold. Officer Pete told Redden that the signal had been called. At that point, Redden noticed the emergency response team approaching and rolled Flagg onto his stomach. Both Sgt. Redden and Officer Pete placed their knees in Flagg's back. While Officer Redden still had Flagg in a choke hold when Officer Pete arrived, as soon as he was told the signal had been called and noticed the response team approaching, the assault ended. As with Officer Blair, Officer Pete acted reasonably in response to the altercation. Officer Pete placed his knee on Flagg's back to subdue him while the emergency team was arriving, but Flagg does not allege that this was done maliciously and it does not amount to excessive force. Therefore, Flagg has not stated a claim against Officer Pete.

Flagg was taken for medical care immediately, but the medical team could not assess him until he calmed down. He was stripped of everything but his boxers and t-shirt and placed in a cell to be assessed once he was calm. While waiting, Flagg noticed that his vision was blurry and his ears were ringing. He expressed to the officer on duty that he needed medical care urgently, and the officer said he would call medical. Flagg continued to wait and was eventually told that the shift had just changed and they would call medical. He was then told medical would not see him. He was initially denied access to a supervisor, but later he was able to talk with Lieutenant Watson. But, Watson did not take Flagg to medical because his supervisor told him not to. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was

3

deliberately indifferent to the plaintiff's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). While it seems clear that Flagg required medical treatment, the decision not to provide it when he initially arrived at the medical department was made by medical staff, not any of the defendants Flagg has sued here. Likewise, Flagg has not alleged that any of the defendants he has sued are responsible for any further delays in granting him medical treatment.

Flagg remained stripped in the cell overnight. It was cold, and he was denied a blanket. The next morning, when Flagg awoke to find he continued to have problems with his vision and hearing, a supervisor escorted him to internal affairs. He was interviewed, given a blanket, and provided medical care. Shortly thereafter, he was transferred to Wabash Valley Correctional Facility. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). While being placed in a cold cell without a blanket may rise to the level of an Eighth Amendment violation, *Wilson v. Seiter*, 501 U.S. 294, 304 (1991), Flagg has not alleged that any of the defendants named in his complaint are responsible for either the temperature in the cell or the failure to issue him a blanket.

For these reasons, the court:

(1) GRANTS Juan Joseph Flagg leave to proceed on a claim against Sgt. Redden in his individual capacity for compensatory and punitive damages for using excessive force against him on March 26, 2017, in violation of the Eighth Amendment;

(2) DISMISSES Officer Anita Blair and Officer Pete;

(3) DISMISSES any and all other claims contained in the complaint;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sgt. Redden at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS Sgt. Redden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 19, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT