UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUAN JOSEPH FLAGG,

    Plaintiff,

    v.                         CAUSE NO.: 3:17-CV-977-JD-MGG

TERRY REDDEN,

    Defendant.

OPINION AND ORDER

Juan Joseph Flagg, a prisoner without a lawyer, filed a motion for appointment of counsel. "[T]here is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . ." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. Here, Flagg mentions that he has attempted to obtain pro bono counsel on his own but does not indicate whether he sent these attorneys copies of this court's screening order (ECF 5) granting him leave to proceed. He thus has not demonstrated that he has made a reasonable attempt to obtain counsel on his own.

"If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright." *Jackson v. County of McL*ean, 953 F.2d

1070, 1073 (7th Cir. 1992); *see also Pruitt,* 503 F.3d at 654; *Romanelli v. Suliene*, 615 F.3d 847 (7th Cir. 2010); *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013). Accordingly, the motion will be denied with leave to refile after Flagg has sent a copy of this court's screening order (ECF 5) to ten attorneys along with a letter requesting that they represent him. There may be attorneys willing to take his case to fulfill *pro bono* requirements with a law firm or bar association, to gain federal court experience, or simply because they have an interest in the legal issues raised. He will not know until he makes some effort to obtain counsel on his own. After waiting a reasonable length of time for responses, if he then asks the court to attempt to recruit a lawyer to represent him for free, he must attach whatever responses he has received. In addition, he needs to explain why he believes this case is difficult and why he is not competent to litigate it himself. He needs to detail all of his education and litigation experience. Until then, Flagg will continue to proceed with this case *pro se.*

For these reasons, the court:

(1) DENIES the motion for appointment of counsel (ECF 10); and

(2) DIRECTS the clerk to send Juan Joseph Flagg ten (10) copies of the screening order (ECF 5).

SO ORDERED on May 4, 2018

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
